UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON S. LYNCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:10CV0445 JAR |
| | ) |
| LARRY DENNEY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jason Lynch's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (Doc. No. 1 ("Motion")). Because this Court has determined that Lynch's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Lynch's claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

On September 13, 2006, a jury convicted Lynch of the first-degree Domestic Assault. (Motion, p. 1; Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted ("Response"), Doc. No. 4, p. 1).[2] Lynch was sentenced to twenty-five years imprisonment.

---

[1]"A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a § 2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

[2]Federal courts considering petitions for habeas relief look to the last reasoned decision of the lower State court on that issue. Winfield v. Roper, 460 F.3d 1026, 1037 (8th Cir. 2006); Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991). Here, the Court looks to the decisions of the Missouri

(Respondent's Exhibit C, p. 6; Respondent's Exhibit E, p. 1). On August 28, 2007, the Missouri Court of Appeals affirmed his conviction. (Respondent's Exhibit E); State v. Lynch, 231 S.W.3d 839 (Mo. Ct. App. 2007). On May 19, 2009, the State appellate court affirmed the denial of his motion for post-conviction relief. (Respondent's Exhibit J); Lynch v. State, 283 S.W.3d 303 (Mo. Ct. App. 2009).

On March 15, 2010, Lynch filed this Motion seeking relief based upon the following grounds:

(1) Trial counsel was ineffective in advising Lynch regarding his right to testify and the potential negative ramifications;

(2) Trial counsel was ineffective for failing to request the lesser-included instruction for domestic assault in the third degree.

## LEGAL STANDARDS

**A. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

Court of Appeals, dated August 28, 2007(Respondent's Exhibit E) and May 19, 2009 (Respondent's Exhibit J).

established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "'A state court's decision is contrary to … clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision … and nevertheless arrives at a [different] result.'" Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams, 529 U.S. at 412. A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams v. Taylor, 529 U.S. 362, 407 (2000). A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

    **B.**    **Legal Standard for Ineffective Assistance of Counsel**

To support an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. United States, 534 F.3d 832, 836 (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," Kyles v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

## DISCUSSION

**I.     Ground 1**

In Ground 1, Lynch contends that his trial counsel was ineffective for advising Lynch regarding his right to testify and the potential negative ramifications of choosing not to testify. Lynch argues that counsel did not discuss the need to testify about the incident in order to establish his self-defense theory with the jury. (ECF No. 2-1, p. 16).[3] Lynch maintains that he should have been informed that his version of events would not be presented to support his self-defense theory if he chose not to testify. (ECF No. 2-1, p. 17).

Lynch failed to demonstrate ineffective assistance of counsel under the Strickland test. On his Rule 29.15 motion, the trial court found Lynch's claim was meritless:

> Defendant/Movant and his counsel, Todd Schulze, both testified that they discussed the possibility of his testifying on several occasions prior and during the course of the trial. Based on the Defendant/Movant's prior record of conviction it was mutually determined that his taking the stand would be highly risky for the Defendant/Movant. Once the Defendant/Movant was able to assert self-defense into the trial by the testimony of the victim, Heather Cunningham, the decision was made that the Defendant/Movant would not testify as a matter of trial strategy. In addition,

---

[3]Plaintiff filed two pages of briefing on every page submitted to the Court as ECF No. 1-2. The Court cites to the page numbers on the bottom of the pages, not to the ECF page number.

the court questioned the Defendant/Movant at length about his right to testify or not to testify and concluded, after such questioning, that the Defendant/Movant understood his rights and had made an informed decision not to testify.

(Respondent's Exhibit F, p. 38).

Likewise, on his Rule 29.15 appeal, the Missouri Court of Appeals rejected Lynch's arguments on this point. The Missouri Court of Appeals found that Lynch knowingly decided not to testify after discussing this issue with his counsel:

> Movant has failed to overcome the presumption that trial counsel's advice not to testify was reasonable trial strategy. Given Movant's prior conviction, it was reasonable trial strategy to advise Movant not to testify. The fact that none of Movant's prior convictions involved violence against women does not make trial counsel's advice not to testify unreasonable trial strategy. Furthermore, Movant's self-defense theory came in through other evidence, particularly through the victim testimony that she went after Movant and put her arm up to his throat because she did not want him to leave. Also, the jury was given an instruction, submitted by Movant's own counsel on self-defense. The motion court's findings of fact and conclusions of law denying Movant's claim are not clearly erroneous.

(Respondent's Exhibit J, slip. op., pp. 4-5). In sum, the Missouri Court of Appeals held that Lynch's claims for ineffective assistance of counsel failed because he could not demonstrate that his counsel's work fell below the conduct of a reasonably competent attorney or that Lynch was prejudiced.

The Court does not second-guess this reasonable trial strategy. "Because of the problems inherent in hindsight analysis, [the Court] 'indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Loefer v. United States, 604 F.3d 1028, 1029-30 (8th Cir. 2010) (quoting United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005)). Specifically, "[d]ecisions relating to witness selection are normally left to counsel's judgment, and 'this judgment will not be second guessed by hindsight.'" Hanes v. Dormire, 240 F.3d 694, 698 (8th Cir. 2001) (quoting Williams v. Armontrout, 912 F.2d 924, 934 (8th Cir. 1990)). Thus, "decisions involving trial strategy are 'virtually unchallengeable.'" Loefer, 604 F.3d at 1030

(quoting Link v. Luebbers, 469 F.3d 1197, 1204 (8th Cir. 2006)); Johnson v. Norris, 537 F.3d 840, 848 (8th Cir. 2008).

The Court finds that the Missouri state courts' determinations are supported in the record and entitled to deference under 28 U.S.C. §2254. The Court concurs with the State courts' determinations that Lynch has failed to satisfy the first prong of the Strickland analysis. Trial counsel did not act unreasonably in failing to call Lynch based upon their decided upon trial strategy. Lynch admitted that he and his counsel had discussed whether Lynch should testify. See Respondent's Exhibit A, Transcript on Appeal, pp. 217-28 (defendant declining to testify in open court); Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 74, 52 L. Ed. 2d 136, 97 S. Ct. 1621 (1977) ("'Solemn declarations in open court carry a strong presumption of verity.'"). Lynch and his counsel determined, particularly in light of Lynch's prior convictions for violence, that it would be imprudent for him to testify. Based upon these discussions, Lynch decided not to testify. Thus, on Lynch's Rule 29.15 motion, the trial court and the Missouri Court of Appeals determined that Lynch understood his rights and made an informed decision not to testify as a reasonable trial strategy. As a result, the Court finds that Lynch has failed to satisfy Strickland's deficient-performance prong. The Court finds that the Missouri Court of Appeal's determination that trial counsel's conduct did not fall below acceptable standards was supported by clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. §2254(d)(1). Likewise, the State court's decision was not based on an unreasonable determination of the facts in light of the evidence presented.

**II.     Ground 2**

In Ground 2, Lynch contends that his trial counsel was ineffective for failing to request the lesser-included offense instruction for domestic assault in the third degree. Lynch was charged with

domestic assault in the first degree. Verdict directors for first-degree domestic assault and second-degree domestic assault were submitted to the jury. An instruction for the lesser-included offense of domestic assault in the third degree was not requested by either party, nor submitted to the jury. The jury ultimately convicted Lynch of first-degree domestic assault.

Trial counsel testified at the Rule 29.15 hearing that he did not offer an instruction for domestic assault in the third degree because third-degree domestic assault based on reckless conduct was inconsistent with his defense theory of self-defense. Lynch, however, contends that this position was not reasonable because the jury could have found that, while attempting to defend himself, Lynch was reckless in his actions. (ECF No. 1-2, p. 27). That is, trial counsel should have requested the lesser-included offense because it would have "given the jury a viable option to first-degree domestic assault without hindering his self-defense argument." (Id.).

The Rule 29.15 motion court found that Lynch's argument was meritless:

> This point is without merit. The evidence presented at trial did not support a lesser included instruction of domestic assault in the third degree and, therefore, if submitted by the Defendant/Movant attorney it would not have been given by the Court. Further, trial counsel testified that as a matter of trial strategy he did not believe you could submit this as "recklessly" causing physical injury and also rely on a self-defense case, which was the Defendant/Movant's theory of defending this case. Defendant/Movant did submit a lesser included offense of domestic assault in the second degree which was submitted to the jury by the court.
> For all of the above reasons, defense counsel was not ineffective for failing to submit a lesser included instruction of domestic assault in the third degree.

(Respondent's Exhibit F, p. 42).

Likewise, the Missouri Court of Appeals affirmed the motion court's determination that counsel was not ineffective:

> For purposes of this opinion, we assume without deciding that the evidence supported a lesser included offense instruction for domestic assault in the third degree. However, we conclude the motion court's findings of fact and conclusions of law are not clearly erroneous because Movant failed to overcome the presumption that the trial counsel's decision not to request an instruction on domestic assault in the third degree was reasonable trial strategy.

>       At trial, the defense theory was self-defense.  Defense counsel's conclusion
> that requesting a third-degree assault instruction would have undermined Movant's
> theory of self-defense was reasonable trial strategy.  Trial counsel had no duty to
> request an instruction that would undermine the theory of the case presented at trial.
> ...
>       Movant failed to overcome the presumption that his trial counsel exercised
> reasonable trial strategy in not requesting the lesser-included offense instruction.
> The motion court did not clearly err in denying Movant's claim.

(Respondent's Exhibit J, slip op., p. 6).

As with the first ground, the Court finds that the matter challenged by Lynch involved trial strategy, which the Eighth Circuit has recognized as "'virtually unchallengeable.'" Loefer, 604 F.3d at 1030 (quoting Link, 469 F.3d at 1204); Johnson, 537 F.3d at 848.  Here, trial counsel testified that he did not request an instruction on the lesser included offense of domestic assault in the third degree because he believed that the jury would view any attempt to obtain such a conviction as inconsistent with the theory of self defense. (Respondent's Exhibit G, p. 56).  Trial counsel thought arguing that Lynch was reckless would have "seriously undermined the self-defense instruction," and would have been counter-productive.  (Respondent's Exhibit G, pp. 66-67, 80).  Although trial counsel recognized that it was "possible" in theory to argue both self-defense and reckless action, he believed that a jury would not be convinced by such a theoretical possibility.  (Respondent's Exhibit G, p. 81).  Trial counsel distinguished the viability of such an argument between whether they were "in a classroom" or whether they were "with twelve jurors who were just sitting here using some common sense."  (Respondent's Exhibit G, p. 81).   Trial counsel thought that the average juror would have a problem thinking that a person that was truly defending himself would be "reckless."  (Respondent's Exhibit G, p. 81).

The Court finds that, for the reasons outlined above, there is evidence to support the State courts' conclusions that trial counsel's strategy and decision not to pursue a lesser included offense instruction were reasonable.  The State court decisions were supported by clearly established federal

law, as determined by the Supreme Court of the United States. <u>Strickland</u>, 466 U.S. at 687. Likewise, the Court finds that Lynch has failed to show that the failure to request a lesser included offense instruction was unreasonable. And, the Missouri State court determinations that this trial strategy was reasonable is entitled to deference under 28 U.S.C. §2254(d). The Court affords the State court determinations substantial deference and denies Ground 2 of Lynch's habeas corpus petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jason Lynch's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody [1] is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. <u>See</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

A judgment dismissing this case is filed herewith.

Dated this 29th day of January, 2013.

                                                                          _____
                                                                          JOHN A. ROSS
                                                                          UNITED STATES DISTRICT JUDGE